```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA

    - against -                              11 Cr. 247-1 (RWS)

ROMAN FIRPO,                                 SENTENCING OPINION

                Defendant.

------------------------------------X
```

**Sweet, D.J.**

On April 11, 2012, Roman Firpo a/k/a "Cuervo" ("Firpo" or "Defendant") pleaded guilty to one count of Conspiracy to Commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 ("Count 1"). For the reasons set forth below, Firpo will be sentenced to a term of imprisonment of 63 months, and a term of supervised release of three years.

**Prior Proceedings**

On April 11, 2012, a superseding felony information was filed in the Southern District of New York, charging that from at least 2009 through 2010, in the Southern District of New York and elsewhere, Firpo and others agreed to commit robberies of suspected narcotics traffickers in the Bronx, NY and New

NY.

On April 11, 2012, the Defendant appeared before the Honorable James C. Francis and allocuted to his criminal conduct as charged, in accordance with a plea agreement that stipulates the following:

*Conspiracy to commit robbery on June 11, 2009*

- Pursuant to the United States Sentencing Commission Guidelines Manual ("Guidelines")[1] §2B3.1(a), the base offense level is 20.

- In accordance with the above, the offense level is 20.

*Conspiracy to Commit Robbery on August 9, 2009*

- Pursuant to Guidelines §2B3.1(a), the base offense level is 20.

- Because a firearm was possessed during the commission of the offense, five offense levels are added, pursuant to §2B3.1(b)(2)(C).

- Because a controlled substance was the object of the offense, one offense level is added.

- In accordance with the above, the offense level is 26.

*Multiple Count Analysis*

- Pursuant to Guidelines §3D1.4(a), the combined offense level is determined by taking the offense level applicable to the Group with the highest offense level and increasing that offense level by the amount indicated in the table found at §3D1.4.

---

[1] The November 1, 2012 edition of the Guidelines has been used in this case.

- The offense level for the August 9, 2009 robbery ("Group 1 robbery") is the highest level, and it therefore results in one unit, pursuant to §3D1.4(a). Because the offense level for the June 11, 2009 robbery ("Group 2 robbery") is five to eight offense levels less serious than the offense level for the Group 1 robbery, the Group 2 robbery results in a half-unit. Accordingly, one offense level is added to the offense level of the Group 1 robbery, resulting in a combined offense level for the Group 1 and 2 robberies of 27, pursuant to §3D1.4.

- Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a three-level reduction will be warranted, pursuant to §3E1.1(a) and (b).

- In accordance with the above calculations, the Guidelines offense level for Count 1 is 24.

- Based upon the information now available to the U.S. Attorney's Office (including representations by the defense), the defendant has five criminal history points. Accordingly, the defendant's Criminal History Category is III.

- Based upon the calculations set forth above, the sentencing range is 63 to 78 months' imprisonment.

- The fine range is $10,000 to $100,000.

- As part of the plea, Firpo admits the forfeiture allegation with respect to Count 1 of the Indictment.[2]

Firpo's sentencing is currently scheduled for January 24, 2013.

---

[2] The forfeiture allegation is as follows: as a result of committing the Hobbs Act robbery offense charged in Count 1 of the superseding information, Firpo shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any and all property that constitutes or is derived from proceeds traceable to the commission of the offense.

3

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

   (A) the applicable category of offense committed

>                    by the applicable category of defendant as
>                    set forth in the guidelines . . .;
>
> (5)   any pertinent policy statement . . . [issued
>       by the Sentencing Commission];
>
> (6)   the need to avoid unwarranted sentence
>       disparities among defendants with similar
>       records who have been found guilty of
>       similar conduct; and
>
> (7)   the need to provide restitution to any victims of
>       the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Firpo's personal and family history.

**The Offense Conduct**

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that document.

In approximately 2010, cooperating witnesses who were

5

members of various robbery crews that principally targeted narcotics traffickers and who were working with the Drug Enforcement Agency ("DEA"), identified Firpo as a participant in certain robberies.

On June 11, 2009, Firpo and two other individuals (CC-1 and CC-2) robbed a narcotics courier of narcotics proceeds, in the vicinity of 174th Street and Audubon Avenue, in New York, NY. Firpo, who acted as a lookout, waited in a car nearby with CC-1. CC-2 robbed the victim by forcibly grabbing a bag containing narcotics proceeds from the victim while the victim walked on the street. CC-2 then went to the car where Firpo and CC-1 waited to escape, but all three were apprehended at the scene by NYPD officers. CC-2 was charged with the robbery in New York State court. Firpo was arrested and released without being charged by the state.

On August 9, 2009, Firpo and several others robbed three individuals believed to be in possession of cocaine, in an apartment at 2122 Watson Avenue, in Bronx, NY. Firpo again acted as a lookout. A firearm was possessed by one of the robbers. No narcotics were found at the location.

Due to the ongoing investigation, Firpo was not arrested until April 12, 2011. Firpo has been detained since that date.

**The Relevant Statutory Provisions**

Count 1 mandates a maximum term of imprisonment of 20 years, pursuant to 18 U.S.C. § 1951. In addition, the Court may impose a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

The Defendant is eligible for not less than one nor more than five years' probation by statute, pursuant to 18 U.S.C. § 3561(c)(1).

The maximum fine for the offense conduct is $250,000, pursuant to 18 U.S.C. § 3571. A special assessment of $100 is mandatory, pursuant to 18 U.S.C. § 3013.

In addition, as a result of committing the offense alleged in Count 1, the Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property real and personal, involved in the offense or traceable to such offense. Pursuant to Rule 32.2, "[t]he Court

7

must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The Court must also include the forfeiture order, directly or by reference, in the judgment."

**The Guidelines[3]**

As set forth above, pursuant to the Defendant's plea agreement, his combined adjusted offense level is 27. However, based on the Defendant's plea allocution, the Defendant has shown recognition of responsibility for the offense. In addition, the Defendant's timely notification of his intention to plead guilty allowed the Government to allocate its resources more efficiently. As a result, pursuant to Guidelines §3E1.1(a) & (b), the total offense level is reduced by three, for a final total offense level of 24.

Firpo's relevant criminal history is as follows:

- On September 22, 2000, Firpo pled guilty to the crime of Attempted Criminal Sale of a Controlled Substance in the Third Degree in New York County Supreme Court, New York, NY. Pursuant to Guidelines §§ 4A1.1(c) and 4A1.2(e)(2),

---

[3] The November 1, 2012 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes.

this results in one criminal history point.

- On November 9, 2004, Firpo plead guilty to Criminal Possession of Marijuana in the Fifth Degree in Manhattan Criminal Court, New York, NY. Pursuant to Guidelines §§ 4A1.1(c) and 4A1.2(e)(2), this results in one criminal history point.

- On November 30, 2009, Firpo pled guilty to Unlawful Possession of Marijuana in Manhattan Criminal Court, New York, NY. Pursuant to Guidelines §§ 4A1.1(c) and 4A1.2(e)(3), this results in one criminal history point.

- On July 19, 2010, Firpo pled guilty to Illegal Reentry[4] in the United States District Court for the Southern District of New York. Pursuant to Guidelines §§ 4A1.2(b) and 4A1.2(e)(2), this results in two criminal history points.

Accordingly, Firpo's criminal history results in five criminal history points. According to the Guidelines, Chapter 5, Part A, five criminal history points establish a Criminal History Category of III. Firpo therefore has a total offense level of 24 and a Criminal History Category of III.

For a total offense level of 24 and a Criminal History

---

[4] According to the PSR, the Defendant, using the name Juan Ausencio Gomez-Contreras, was deported from the United States to the Dominican Republic on March 16, 1990, following a January 6, 1989, conviction for Conspiracy to Steal and Convert to His Use Money of the United States. Immigration and Customs Enforcement learned that the Defendant had illegally reentered the United States following an arrest on April 20, 2010 (the charges for that arrest were later dismissed).

Category of III, the guideline range for imprisonment is 63 to 78 months.

The guideline range for a term of supervised release is at least one year but not more than three years, pursuant to §5D1.2(a)(2). If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required but is optional, pursuant to §5D1.1(b). Supervised release is required if the Court imposes a term of imprisonment of more than one year or when required by statute, pursuant to §5D1.1(a). The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment, pursuant to §5D1.1(c).

Because the applicable guideline range is in Zone D of the Sentencing Table, the Defendant is not eligible for probation, pursuant to §5B1.1, Application Note #2.

The fine range for the instant offense is from $10,000 to $100,000 pursuant to §5E1.2(c)(3)(A) and (B). In addition, subject to the Defendant's ability to pay, in imposing a fine, the Court considers the expected costs to the Government of any

imprisonment, probation, or supervised release pursuant to §5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,407.78 to be used for imprisonment, a monthly cost of $286.11 for supervision, and a monthly cost of $2,180.27 for community confinement.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103.

In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is concluded that a downward departure from the Guidelines sentence is not warranted in the instant

case.

The Defendant in this case pled guilty to Conspiracy to Commit Hobbs Act Robbery. This represents the Defendant's fourth felony conviction,[5] all of which occurred subsequent to the Defendant's illegal reentry to the United States in 1996, following his deportation in 1990.

The Defendant's criminal history indicates that he is a recidivist, and the fact that he is being sentenced for yet another felony suggests that his previous experiences with the criminal justice system have not served as a deterrent to criminal behavior.

As such, a sentence of 63 months' imprisonment, which is at the low end of the Guidelines range, is warranted in this case.

**The Sentence**

For the instant offense, Firpo will be sentenced to a term of imprisonment of 63 months.

---

[5] The Defendant's three prior felony convictions are enumerated above.

A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

Due to Firpo's limited assets, no fine is imposed.

Firpo shall forfeit to the United States any and all property constituting and derived from any proceeds obtained directly or indirectly as a result of the instant offense, pursuant to 21 U.S.C. § 853. Pursuant to Rule 32.2, "[t]he Court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at the sentencing. The Court must also include the forfeiture order, directly or by reference, in the judgment."

The terms of this sentence are subject to modification at the sentencing hearing scheduled for January 29, 2012. 2013

It is so ordered.

**New York, NY**
**January 23, 2013**

ROBERT W. SWEET
U.S.D.J.

13